# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ROTOLIGHT LIMITED,<br><br>       Plaintiff,<br><br>v.<br><br>VIDENDUM PLC, VIDENDUM PRODUCTION SOLUTIONS, INC.,<br><br>       Defendant. | Civil Action No. 1:22-cv-00928-MN |

**OPENING BRIEF IN SUPPORT OF
DEFENDANT VIDENDUM PRODUCTION SOLUTIONS, INC.'S
MOTION TO STAY LITIGATION PENDING FINAL DETERMINATION OF IPR PETITIONS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ..................... 1

II.  RELEVANT FACTUAL BACKGROUND ........................................................................ 1

III. SUMMARY OF THE ARGUMENT .................................................................................. 3

IV.  LEGAL STANDARD .......................................................................................................... 5

V.   LITIGATION SHOULD BE STAYED PENDING FINAL DETERMINATION OF IPR PETITIONS .......................................................................................................................... 6

    1.   The Timing of VPS' IPR Request and Motion to Stay Does Not Result in Undue Prejudice to Rotolight .............................................................................. 9

    2.   The Status of the IPR Proceeding Does Not Result in Undue Prejudice to Rotolight ................................................................................................................ 9

    3.   The Relationship of the Parties Does Not Result in Undue Prejudice to Rotolight ............................................................................................................... 10

VI.  CONCLUSION .................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ...........................................................................................................................6, 9
*Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, C.A. No. 15-516-LPS-CJB, 2016 WL 558615 (D.Del. Feb. 11, 2016) ..............................................................................................6
*Arch Chems., Inc. v. Sherwin-Williams Co.*, C.A. No. 18-2037-LPS (D. Del. Nov. 5, 2019) ..............8
*Arnold & Richter Cine Technik GmBH & Co. Betriebs KG v. Rotolight Limited* IPR2021-01496 ......3
*Arnold & Richter Cine Technik GmBH & Co. Betriebs KG v. Rotolight Limited* IPR2021-01497 ......3
*Arnold & Richter Cine Technik GmBH & Co. Betriebs KG v. Rotolight Limited* IPR2022-00099 ......3
*Bonutti Skeletal Innovations, L.L. C v. Zimmer Holdings, Inc.*, C.A. No. 12-1107-GMS, 2014 WL 1369721 (D. Del. Apr. 7, 2014) ...............................................................................................10
*British Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019) .................................................................................................................8
*Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58 (3d Cir. 1985) ...................................................6
*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed.Cir.1988) ...................................................................6, 8
*Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-cv-04160, 2014 WL 2511308 (W.D. Mo. June 4, 2014) .........................................................................................................6
*IOENGINE, LLC v. PayPal Holdings, Inc.*, Civil Action No. 18-452, 2019 WL 3943058 (D. Del. Aug. 21, 2019) .........................................................................................................................6
*Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) .......................................................................................................................................9
*NFC Tech., LLC*, 2015 WL 1069111, at *4 and *In re Etter*, 756 F.2d 852 (Fed. Cir. 1985) ................7
*RetailMeNot, Inc. v. Honey Sci. LLC*, No. CV 18-937-CFC-MPT, 2020 WL 373341 (D. Del. Jan. 23, 2020) ..............................................................................................................................7, 9, 10
*Rotolight Limited v. Aputure Imaging Co., Ltd.* (EDTX 4:23-cv-00508-ALM) ...................................1
*Rotolight Limited v. Chauvet & Sons, LLC* (DDE 1:23-cv-00364-MN-JLH) ......................................1
*Rotolight Ltd. v. ARRI Inc. et al* (DDE 1:22-cv-00983-MN) ..........................................................1, 3
*SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348 (2018) ................................................................................8
*Uniloc USA Inc. v. LG Elecs. U.S.A., Inc.*, No. 18-CV-06737-JST, 2019 WL 1905161 (N.D. Cal. Apr. 29, 2019) .........................................................................................................................7
*Vehicle IP, LLC v. Wal–Mart Stores, Inc.*, C.A. No. 10–503–SLR, 2010 WL 4823393 (D.Del. Nov.22, 2010) ....................................................................................................................9, 10

**Statutes**

35 U.S.C. § 314(a) ...............................................................................................................................8
35 U.S.C. § 314(b) ...............................................................................................................................4
35 U.S.C. § 315(b) ...............................................................................................................................9
35 U.S.C. § 324(a) ...............................................................................................................................8

**Rules**

Fed. R. Civ. P. 34(b)(2)(A) ..................................................................................................................2

**Regulations**

37 C.F.R. § 42.100(b) ..........................................................................................................................8
37 C.F.R. § 42.120 ..............................................................................................................................4

Defendant Videndum Production Solutions, Inc. ("VPS"), by and through its undersigned counsel, respectfully submits this Opening Brief in support of its Motion to Stay this litigation pending final determination of its pending petitions for *Inter Partes* Review (collectively, the "IPR Petitions") requesting review and invalidation of every claim of U.S. Patent Nos. 10,845,044 (the "'044"), 10,197,257 (the "'257"), and 10,197,258 (the "'258") asserted against VPS in Rotolight's First Amended Complaint (D.I. 26) ("challenged claims"), which are the only patents Rotolight asserts against VPS in this litigation. In further support of its Motion, VPS states as follows:

## I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This matter, filed by Rotolight on July 12, 2022, arises from alleged infringement of the '044, '257, and '258 patents (collectively, the "asserted patents"), and represents one of four separate actions brought against various entities by Rotolight related to these same asserted patents, with three of the four actions having been filed in this Court.[1]

At this time, no scheduling order has been entered in this matter, and discovery is in its *early infancy.*[2] The Court has set a scheduling conference for August 8, 2023, as related to resolving issues identified in the parties' joint letter brief (D.I. 49) ("Joint Letter") dated July 6, 2023. *See* D.I. 50. In the Joint Letter, VPS advised this Court of the imminent filing of its IPR petitions with the PTAB. *See* D.I. 49 at Issue No. 4. On July 17, 2023, VPS filed those IPR Petitions. *See* IPR2023-01218; IPR2023-01219; IPR2023-01220.[3]

## II.   RELEVANT FACTUAL BACKGROUND

---

[1] *See Rotolight Ltd. v. ARRI Inc. et al* (DDE 1:22-cv-00983-MN) and *Rotolight Limited v. Chauvet & Sons, LLC* (DDE 1:23-cv-00364-MN-JLH) which were filed in this Court, as well as *Rotolight Limited v. Aputure Imaging Co., Ltd.* (EDTX 4:23-cv-00508-ALM) currently pending in the United States District Court for the Eastern District of Texas.
[2] *See* Section II(D), *infra*.
[3] Filed contemporaneously with this Motion is a copy of VPS's IPR2023-01219 petition, containing exemplar prior art references and arguments common to all three of VPS's IPR Petitions. *See* IPR2023-01219 at Paper No. 1- Exhibit A to Fisher Decl. at ¶ 3.

1

  A. On July 12, 2022, Rotolight filed this action alleging infringement of the asserted patents. *See* D.I. 1.

  B. On July 19, 2022, VPS received Rotolight's complaint and summons. D.I. 10.

  C. On July 6, 2023, the parties submitted a joint proposed scheduling order, however, at this time, the proposed scheduling order has not been entered by the Court. *See* D.I. 48.

  D. Also on July 6, 2023, the parties filed Joint Letter outlining the parties' positions related to disputed scheduling issues and advising the Court of factors likely to impact scheduling (D.I. 49). In the Joint Letter, VPS advised this Court of the imminent filing of its IPR Petitions with the PTAB. *See* D.I. 49 at Issue No. 4.

  E. On July 13, 2023, Rotolight served its first sets of requests for production and interrogatories. *See* D.I. 51; 52. Responses to these requests are currently due on August 14, 2023. Fed. R. Civ. P. 34(b)(2)(A).

  F. On July 17, 2023, within one-year of its receipt of Rotolight's complaint, VPS timely filed IPR Petitions with the PTAB seeking *inter partes* review and invalidation of the challenged claims of the asserted patents—specifically, the '044, '257, and '258 patents. *See e.g.*, IPR2023-01218, Paper No. 3 - Exhibit B to Fisher Decl. at ¶ 4.

  G. The PTAB previously considered and has already instituted *inter partes* review of the asserted patents based on petitions containing substantively identical arguments and primary prior art references as included in VPS's IPR Petitions. *Compare id.* with petitions filed in *Arnold & Richter Cine Technik GmBH & Co. Betriebs KG* ("ARRI") *v. Rotolight Limited* IPR2021-01496; IPR2021-01497; IPR2022-00099. ARRI and Rotolight dismissed the IPR Petitions filed by ARRI prior to a decision on the merits following a settlement between Rotolight and ARRI. *See e.g.*, IPR2021-01496, Paper 38.

H.      The Court has set a scheduling conference for August 8, 2023 as related to resolving issues identified in the parties' Joint Letter (D.I. 49). *See* D.I. 50.

## III.    SUMMARY OF THE ARGUMENT

The PTAB **previously considered and instituted** *inter partes* review of Rotolight's asserted patents based on petitions containing substantively identical arguments and primary prior art references as included in VPS's IPR Petitions. *See* Section II(G), *supra*. In fact, ARRI's petitions were not only instituted, but were also fully briefed and the subject of oral argument on December 13, 2022.[4] Given the PTAB's prior institution on similar grounds, institution of VPS's IPR Petitions is substantially likely, such that a stay of litigation prior to such institution will narrow the issues remaining for trial—for example, where the Challenged Claims of the asserted patents are cancelled, narrowed, or invalidated by the PTAB. Even in the event the PTAB were to determine some of the challenged claims are valid, such outcome would likewise aid in narrowing the issues for trial.[5] Moreover, this litigation is in its very early stages with discovery

---

[4] The PTAB heard oral argument related to the '257 and '258 patents on December 13, 2022. Shortly thereafter, Rotolight agreed to settle its dispute with ARRI. *See, e.g.,* IPR2021-01496, Paper 38. In January 2023, ARRI and Rotolight advised the PTAB that the parties had reached a settlement and wished to terminate the petitions. *Id.* Rotolight then dismissed its litigation against ARRI in this Court—which had long been stayed by stipulation of the parties. *See Rotolight Ltd. v. ARRI Inc. et al* (DDE 1:22-cv-00983-MN), Dkt. 9 at p.2. ARRI and Rotolight's settlement is confidential, however, a reasonable review of the transcript of the oral argument and the PTAB's questioning at the hearing suggests that invalidation of the patents at issue was imminent. *See* Hearing Transcript - Exhibit C to Fisher Decl. at ¶ 5.

[5] In advance of Rotolight commencing its lawsuit against VPS, VPS filed petitions with the PTAB related to the '258 and '257 patents in response to Rotolight's threats of litigation. *See* IPR2022-00261; IPR2022-00262. These pre-litigation petitions were based on different prior art references and arguments than VPS asserts in its recent IPR Petitions. While the PTAB denied the early petitions, there can be little doubt the PTAB will institute VPS's IPR Petitions contain substantively identical arguments and prior art references as the ARRI petitions which were instituted by the PTAB. *See* Section II(G), *supra*.

in its infancy, having no scheduling order currently entered by the Court and no trial setting. *See* Section II(B-D; G), *supra*.

Institution of the IPR Petitions is expected to occur no later than January 24, 2024.[6] Rotolight will not suffer undue prejudice from any delay, nor will VPS gain any tactical advantage from the requested delay. In fact, VPS requests this stay of litigation in order to avoid the heavy burdens placed on all parties to the litigation, *including Rotolight*, which would be necessarily incurred by allowing the matter to proceed through some of the most expensive stages of patent litigation, including all jurisdictional[7] and substantially all fact discovery efforts by all parties, Rotolight's preparation of initial infringement contentions, VPS's preparation of initial non-infringement and invalidity contentions, and Plaintiff's preparation of opening claim construction briefing —all such tasks of which are currently proposed to occur prior to January 24, 2024. *See* D.I. 48. Many of these litigation tasks will additionally burden the Court, including but not limited to resolving motion practice on the issue of jurisdiction as to Videndum plc.

Additionally, VPS has stipulated that, if the PTAB institutes its IPR Petitions, it will not use prior art references in this litigation which it reasonably could have raised in the IPR Petitions. *See e.g.*, IPR2023-01218, Paper No. 2. Should the Court deny VPS's request for a stay, VPS will necessarily need to advance all prior art known to it, including prior art not raised in its IPR Petitions, so as to reserve its rights in the unlikely event the PTAB does not institute its IPR

---

[6] Calculated as 6 months from the mailing date of the PTAB's notice of filing of the IPR Petitions which occurred on July 28, 2023 for all three IPR Petitions (*see e.g.*, IPR2023-01218, Paper No. 3). The 6 months represents the total of the 3-month deadline for Rotolight to respond to the IPR Petitions (*see* 37 C.F.R. § 42.120), and the 3-month deadline thereafter for the PTAB to institute *inter partes* review (*see* 35 U.S.C. § 314(b)).

[7] In Judge Hall's report and recommendation (D.I. 43) (the "Report"), Rotolight was granted leave to conduct jurisdictional discovery as to VPS's co-Defendants, Videndum plc. On June 20, 2023, Videndum plc timely filed its objections to the Report (D.I. 45), however, no decision has been entered by the Court as related to the Report at this time.

4

Petitions. Accordingly, when the PTAB does eventually institute the IPR Petitions, both VPS and Rotolight will have unnecessarily expended litigation efforts and fees related to addressing prior art and arguments which will no longer be legally viable.

A stay in advance of the PTAB's institution of the IPR Petitions will only result in a six-month delay in the progress of this litigation at a very early stage in the litigation process,[8] such that there is no harm to Rotolight should this Court grant a stay.[9] Rather, the absence of a stay will only result in increased costs for all parties, as well as a drain of Court resources and the potential for competing claim construction proceedings in the various cases Rotolight has pending (*see* n.1, *supra*). The need to avoid such a condition is only further underscored by the unassailable fact that the PTAB previously considered and instituted ARRI's petitions containing substantially similar primary prior art references and arguments as set forth in VPS's IPR Petitions.

## IV.   LEGAL STANDARD

The court's "inherent power to conserve judicial resources by controlling its own docket" includes the discretion to stay litigation, which has been found to extend to patent cases where a reexamination by the PTO has been requested. *See 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *2 (D. Del. Nov. 7, 2016) (*citing Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir.1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted). A court has discretionary authority to grant a motion to stay. Courts

---

[8] Rotolight has failed to seek an injunction despite this matter being on file for over a year. D.I. 1.
[9] In the unlikely event the PTAB does not institute *inter partes* review of the IPR Petitions, VPS expects the stay to be lifted to allow litigation to proceed, such that a delay would be limited to no more than six months. VPS recognizes that when the PTAB institutes *inter partes* review on or about January 24, 2024, the stay of this litigation would be extended until final determination.

5

consider three factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *454 Life Scis.*, 2016 WL 6594083, at *2 (*citing Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, C.A. No. 15-516-LPS-CJB, 2016 WL 558615, at *1 (D. Del. Feb. 11, 2016)).

Courts have concluded a "liberal policy" applies in favor of stays pending instituted IPR proceedings. *IOENGINE, LLC v. PayPal Holdings, Inc.*, Civil Action No. 18-452, 2019 WL 3943058, at *3 (D. Del. Aug. 21, 2019); *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-cv-04160, 2014 WL 2511308, at *2 (W.D. Mo. June 4, 2014) ("Although the decision to grant a stay remains firmly in the district court's discretion, the interests of judicial economy and deference to the PTO's expertise have given rise to a 'liberal policy in favor of grant stays.' "). More notably, this Court has determined that even where, like here, petitions were filed but not yet instituted by the PTAB, a stay was warranted where there was a high likelihood the PTAB would institute the petitions seeking *inter partes* review. *See RetailMeNot, Inc. v. Honey Sci. LLC*, No. CV 18-937-CFC-MPT, 2020 WL 373341 (D. Del. Jan. 23, 2020).

## V. LITIGATION SHOULD BE STAYED PENDING FINAL DETERMINATION OF IPR PETITIONS

### A. A Stay Will Simplify Issues for Trial

The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial. *IOENGINE*, 2019 WL 3943058, at *3. Congress's purpose in creating an *inter partes* review procedure was to allow the administrative agency that issues patents to consider new information bearing on whether those patents should be canceled or confirmed. Giving the agency the authority to consider the validity of patents in the *inter partes* review process

was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation. *Id.*, at *8 (*quoting NFC Tech., LLC*, 2015 WL 1069111, at *4 and *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985) ("When the patent is concurrently involved in litigation [one function of reexamination] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration.") (alteration by *IOENGINE*)); cf. *Uniloc USA Inc. v. LG Elecs. U.S.A., Inc.*, No. 18-CV-06737-JST, 2019 WL 1905161, at *4 (N.D. Cal. Apr. 29, 2019) (The court stated, "as a general matter, the Court is not inclined to give substantial weight to this factor until the PTO has actually decided to institute review," but granted a stay because, inter alia, "the requested stay presents the maximum potential for simplification of issues, as all the asserted claims are challenged in the IPR petitions. This high upside mitigates to some extent the risk that the PTO will deny review.").

Accordingly, while motions to stay have historically been granted after the PTAB institutes proceedings, "the arguments for a stay pending institution and/or completion of an IPR have been strengthened by recent changes in the law: namely, institution must be on all or none of the claims on which IPR is sought and claim construction undertaken by the [PTAB] is now conducted according to the same legal standards this Court must apply." *See Arch Chems., Inc. v. Sherwin-Williams Co.*, C.A. No. 18-2037-LPS, D.I. 48 (D. Del. Nov. 5, 2019) (Oral Order granting stay pending IPR institution) (emphasis added) (*citing SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354-55 (2018) and 37 C.F.R. § 42.100(b)).

On July 17, 2023, VPS filed its IPR Petitions with the PTAB seeking *inter partes* review and invalidation of the challenged claims of the three patents asserted against VPS by Rotolight in this litigation. *See* Section II(F), *supra*. "The case will unquestionably become simpler" if the

PTAB invalidates every claim, thereby removing Rotolight's patents from this case. *See British Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *8 (D. Del. Sept. 27, 2019); *see also, e.g., Ethicon LLC*, 2019 WL 1276029, at *2 ("A stay will simplify the case because a PTAB decision will reduce and/or clarify issues the Court would otherwise address, including in connection with dispositive motions and trial.") (citations omitted).

More notable, perhaps, is that VPS's IPR Petitions are not the first petitions the PTAB has seen related to the asserted patents. Indeed, the PTAB previously considered and has already instituted *inter partes* review of the asserted patents based on petitions filed by ARRI which contain substantively identical primary art references and prior art as is contained in VPS's IPR Petitions. *See* Section II(G), *supra*. Thus, the potential for the PTAB's institution of VPS's IPR petitions is not merely speculative, but in fact is all but certain, as the PTAB has already determined the prior art references and arguments sufficient to warrant institution. *See* 35 U.S.C. §§ 314(a), 324(a). Accordingly, the unique facts of this case make institution more probable and weigh heavily in favor granting a stay. *See e.g., RetailMeNot, Inc.*, 2020 WL 373341, at *4.

### B.     The Status of the Litigation Weighs in Favor of a Stay

This litigation is in its very early stages, with no scheduling order having been entered by the Court, and with discovery in its infancy (*see* Section II(B-D), *supra*). *Vehicle IP, LLC v. Wal–Mart Stores, Inc.*, C.A. No. 10–503–SLR, 2010 WL 4823393 (D.Del. Nov.22, 2010) (finding that early stage of litigation weighed in favor of stay where, like here, no discovery had been conducted and no scheduling order issued). Granting VPS's motion to stay will not have the effect of interrupting litigation tasks, but rather would ensure that this litigation is paused prior to the parties even beginning those litigation tasks. Where none of the parties have expended significant resources, and in light of the likely institution of VPS's IPR Petitions for those reasons detailed above, it is far more likely that Rotolight (and VPS) will be harmed by

8

unnecessarily incurred fees absent a stay as a result of engaging in litigation tasks which will be rendered unnecessary upon the PAB's institution of the IPR Petitions.

### C. A Stay Will Not Result in Rotolight Suffering Undue Prejudice

The court, in assessing undue prejudice to the non-movant, may consider: (1) the timing of the IPR request and motion for stay; (2) the status of the IPR proceeding; and (3) the relationship of the parties. *454 Life Scis.*, 2016 WL 6594083, at *4 (*citing Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013)).

#### 1. *The Timing of VPS' IPR Request and Motion to Stay Does Not Result in Undue Prejudice to Rotolight*

Rotolight filed its complaint on July 12, 2022. *See* D.I. 1. VPS filed its IPR Petitions on July 17, 2023, prior to the expiration of the one-year statutory window. *See* 35 U.S.C. § 315(b). VPS's IPR Petitions were therefore timely. *See Bonutti Skeletal Innovations, L.L.C v. Zimmer Holdings, Inc.*, C.A. No. 12-1107-GMS, 2014 WL 1369721, at *3 (D. Del. Apr. 7, 2014) (concluding that defendants' IPR petitions "were timely filed between eight months to exactly a year after [the plaintiff] served its complaints"). Consequently, this factor does not support a finding that Rotolight will suffer undue prejudice.

#### 2. *The Status of the IPR Proceeding Does Not Result in Undue Prejudice to Rotolight*

As noted above, this litigation is its very early stages, with no scheduling order having been entered by the Court, and with discovery in its infancy (*see* Section II(B-D), *supra)*. Accordingly, for the same reasons set forth in Section V(B), *supra,* this factor does not support a finding that Rotolight will suffer undue prejudice.[10] *See Vehicle IP, LLC*, 2010 WL 4823393 (finding no undue prejudice where, like here, no discovery had been conducted and no scheduling order issued).

---

[10] It is also notable that Rotolight sat on its purported rights under the asserted patents for almost three years after issuance of the asserted patents in November 2019, despite its admission that it

9

### 3. The Relationship of the Parties Does Not Result in Undue Prejudice to Rotolight

Rotolight's First Amended Complaint ("FAC") is absent any allegation that it is a direct competitor with the Defendants. *See* D.I. 1, generally. In fact, the FAC does not allege that any of its products have been sold in the United States and is absent allegations that the parties even operate in the same market. *Id.* Rotolight's FAC merely cites the parties' prior relationship and the Defendants' history of allegedly using the patented technology in support of its contention that the subfactor should be weighed as neutral. *Id.*

Even if there were not a complete absence of record evidence informing this issue, the existence of direct competition is not dispositive of whether to institute a stay. *See RetailMeNot, Inc.*, 2020 WL 373341, at *8. Further, given Rotolight's multiple lawsuits in this Court and in other District Courts, there can be no reasonable argument that Rotolight and the Defendants compete in a two-entity market (*Id.*); rather, there are arguably at least three other entities which Rotolight has alleged are manufacturing and/or selling products infringing the asserted patents. *See* n.2, *supra*. Accordingly, this factor does not support a finding that Rotolight will suffer undue prejudice if the Court grants a stay.

## VI. CONCLUSION

The present record supports granting a stay of this litigation, especially where the institution of VPS's IPR Petitions is not merely speculative, but rather a near certainty in light of the PTAB's prior institution of substantively identical prior art references and arguments as have already been instituted by the PTAB (*e.g.*, the ARRI IPR petitions). For these reasons, on balance, a stay will simplify the issues for trial, especially at this considerably early stage of litigation, and where Rotolight cannot reasonably articulate it will be unduly prejudiced.

---

was aware of the alleged infringement as early as 2019. *See* D.I. 26 at 57. Rotolight cannot reasonably argue a stay of this litigation will result in undue prejudice under these circumstances.

Dated: July 31, 2023  Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

*/s/ Shelley A.Kinsella*
Shelley A. Kinsella (#4023)
1007 North Market Street, 3rd Floor
Wilmington, DE 19801
302.416.9672
SKinsella@atllp.com

David M. Magee (*pro hac vice*)
Karl T. Fisher (*pro hac vice*)
Prudential Tower, 800 Boylston St, 30th Floor
Boston, MA 02199
Telephone: 617.824.5134
dmagee@atllp.com
kfisher@atllp.com

Kyle Gottuso (*pro hac vice*)
Marc Vander Tuig (*pro hac vice*)
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105-1847
Telephone: 314.342.4131
kgottuso@atllp.com
mvandertuig@atllp.com

*Attorneys for Defendant*
*Videndum Production Solutions, Inc.*